**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRAINSTORM XX, LLC d/b/a WWW.ROBOCALLS.CASH, and LEE "DOC" COMPTON** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. 4:21-CV-00584-SDJ** |
| **v.** | ) | |
| | ) | **Judge Sean D. Jordan** |
| **DUNCAN CRAIG WIERMAN, individually, and/or d/b/a SPAMCALLPROFITSYSTEM.COM; SPAMCALLPROFITSYSTEM.COM, an entity using an assumed name,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST AMENDED AND VERIFIED COMPLAINT FOR TEMPORARY INJUNCTIVE RELIEF AND MONETARY DAMAGES**

Plaintiffs BRAINSTORM XX, LLC, d/b/a www.robocalls.cash, and Lee "Doc" Compton, by and through their attorneys, file this First Amended and Verified Complaint for Injunctive Relief and Damages prior to appearance of, and against Defendants, alleging as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and 17 U.S. Code § 501. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221, 28 U.S.C. §§ 1338(a) and (b). Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and (3).

## PARTIES

2. BRAINSTORM XX, LLC, also d/b/a www.robocalls.cash ("Brainstorm") is a Texas corporation with its principal place of business in McKinney, Texas. Plaintiff seeks preliminary and/or permanent injunctive relief restraining Defendant's infringement and unauthorized use, monetary remedies, reasonable attorneys' fees, and other relief as the Court deems just and necessary.

3. Lee "Doc" Compton (Compton) is the sole shareholder and principal agent of Brainstorm. Unless otherwise noted where needed, for this pleading Compton was always acting on behalf of Brainstorm or its predecessors and Brainstorm was acting through the acts of its agent and principal, Compton. Accordingly, Brainstorm and Compton will be referred to jointly as "Plaintiffs" unless a separate identification is legally or factually necessary.

4. Defendant Duncan Craig Wierman does business through the website spamcallprofitsystem.com, either as the sole proprietor of or as owner of the website. Spamcallprofitsystem.com markets to consumers throughout the United States, including the Eastern District of Texas. Upon information and belief, this Defendant will be present in and about the Eastern District of Texas in connection with the claims asserted below or will be subject to the jurisdiction of this Court.

5. Defendant spamcallprofitsystem.com sells products to consumers throughout the United States as indicated below, through its owners, agents, servants and/or employees. Pursuant to the Federal Rules of Civil Procedure at Rule 17(b)(3), 17(b)(3)(A), and the Texas Rules of Civil Procedure at Rule 28, uses this website via its assumed name, that being its web address. Defendant spamcallprofitsystem.com is/or will be present in and about the Eastern District of Texas in connection with the claims asserted below or will be subject to the

jurisdiction of this Court. This complaint will be amended when the corporate identity, whether sole proprietorship, partnership, incorporation, or otherwise, of spamcallprofitsystem.com is ascertained.

6. Plaintiffs will refer to Defendants collectively as "Defendants" or Defendant Wierman and Defendant spamcallprofitsystem.com, respectively if applicable.

**BACKGROUND**

7. Compton is a consumer credit expert with twenty-five-plus (25+) years of experience. In 2013, after deciding to shift careers to consumer advocacy, Compton went to work for a law firm to manage and operate the non-attorney functions of its consumer credit section. Among other duties, Compton served as an intake coordinator and was responsible for identifying potential cases of consumer abuse by creditors and debt collectors. Many times, those debt collectors and creditors would contact the firm's clients using auto dialers to collect alleged debts. Very often, as Compton learned through his study of the Telephone Consumer Protection Act, those calls were made illegally.

8. Compton left his position with that law firm in 2016 and began working from home on multiple projects. During the summer of 2018, Compton was constantly interrupted by telephone calls from telemarketers attempting to sell him a wide array of products and services. At one point, Compton was getting anywhere from 10 to 20 calls per day. Knowing that these calls were illegal, Compton researched those companies and identified who they were, drafted pre-litigation demand letters and sent them to the companies that were illegally calling him.

9. Compton's first few tries proved successful. It was not long before friends began to ask him how he was making the robocallers pay. Compton inquired on social media about interest in a group focused on stopping the illegal robocallers and making them pay for their

wanton disrespect of the law. Compton was able to quickly assemble a group of approximately fifty (50) people on Facebook who were as frustrated with the incessant and illegal telemarketing calls that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") among others.

10. That group would answer the telemarketing calls they were receiving, collect information from the callers, and then identify the illegal robocallers. Members were then able to have the identity information needed to effectively send cease and desist letters that demanded payment of the TCPA's civil penalties. People who sent the cease-and-desist demand letters started seeing a reduction in illegal collecting relatively sizable checks, ranging from hundreds of dollars to thousands of dollars. More importantly, these same people also saw a reduction in illegal robocalls, presumably because their numbers were being highlighted within the robocalls industry.

11. Using the data collected through that private group on Facebook and through his own experiences, Compton developed the "Turning Robocalls Into Cash" kit ("the Course") (see Exhibit A).

12. The Course details the practical steps that even non-lawyers can take to stop receiving robocalls by enforcing their rights under the TCPA.

13. The Course was eventually released for sale as a thirty (30) page PDF download and sold online for $47.00. The Course was originally released in September of 2018. Using nothing but word-of-mouth to promote the Course, sales began to increase steadily, based on little more than the success stories of existing users and the original test group.

14. In January of 2018, Compton reached out via social media to consumer reporter Steve Noviello at Fox 4 News in Dallas, Texas. Mr. Noviello used the Course himself and

proceeded to collect $5,750.00 in a little under two (2) weeks. At that point, he decided to do a feature story on Fox 4 about the Course ("the Feature Video"). That original story, which has since won an Emmy Award, went viral the night the story first aired and continued to do so the following day, when Noviello presented the same story in ten (10) other major markets around the country.

15. From that time on, Compton contends that consumer demand and media interest have continued to increase. Acting as Brainstorm's CEO, Compton regularly handles press requests from television media, radio stations, and print media. The Course has been featured in news stories from coast to coast on all the major networks, during which segments Compton has been featured as its author and creator. Additionally, Compton has appeared as a guest on a number of live videos via social media and/or live broadcast.

**<u>DEFENDANTS' UNLAWFUL CONDUCT</u>**

16. On or about March 8, 2021, Defendant Wierman purchased the "Turning Robocalls Into Cash" Course for its designated price of $47.00 USD.

17. On or about March 8, 2021, Defendant Wierman signed up for the www.robocalls.cash member's forum and paid the associated membership fee of $29.00 USD.

18. On or about March 8, 2021, Defendant Wierman breached the community guidelines for the membership forum by posting prohibited content.

19. Due to breaching community guidelines, Defendant Wierman was notified by Plaintiffs on March 22, 2021, that his membership in the member forum had been permanently cancelled (see Exhibit B). Plaintiffs also issued a courtesy refund of the $29.00 USD membership fee that Defendant Wierman had previously paid on March 8, 2021.

20. Defendant Wierman then requested a full refund for the "Turning Robocalls Into Cash" Course, which was denied because the Course's Guarantee Policy states the following:

> "If, after 90 days from purchase, and at least three attempts at collecting with the template demand letters included in the kit, as instructed in the kit, you've not received at least one settlement offer from the robocallers, you're entitled to a full refund, less credit card processing fees. Simply send us proof that you've followed the instructions in the kit, and we'll refund your money, less our credit card processing fees" (see Exhibit C).

The purchaser must agree to this stipulation as part of the terms of purchase before they can successfully pay for and download the Course.

21. In response to Plaintiffs' explanation of the policy and the inability to issue a refund, Defendant Wierman stated that he would "create a similar course then and promo" (see Exhibit B). This means that Defendant Wierman knowingly and willfully copied Plaintiffs' course material.

22. Thereafter, Defendants created the website spamcallprofitsystem.com to sell Plaintiffs' course under a different name, "How to Make Money From Spam Callers" ("Unauthorized Merchandise"). Defendant Wierman's course uses the information from Plaintiffs' course. The information is substantively the same and even presented in the same order (see Exhibit D).

23. Additionally, Defendant Wierman simply copied and uploaded the Feature Video that has been used to promote Plaintiffs' Course as the "intro video" for his "How to Make Money From Spam Callers" course.

24. The inclusion of the Feature Video as well as the copy and paste nature of the information in Defendants' course is likely to cause consumer confusion, allow Defendants to profit from the notable renown and acclaim achieved by Plaintiffs, significantly impact the integrity of Plaintiffs' business, and cause loss of sales and reduction in profit for Plaintiffs.

25. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), states:

**(a) CIVIL ACTION**

**(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

**(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

**(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

## COUNT I

## CLAIM FOR RELIEF – VIOLATION OF THE LANHAM ACT

26. Plaintiffs reallege each allegation set forth in paragraphs 1-25 above.

27. By reason of the foregoing, hereby asserts a claim against the Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

28. Defendants' unfair competition with Plaintiffs was and is willful. Defendants promoted its website on a July 4, 2021, TikTok® video by posting a link to its website, www.spamcallprofitsystem.com, in the comments (see Exhibit E). The video can be accessed through https://vm.tiktok.com/ZMdx92otd/. The handle of the commenter, @wittyalpaca, is Defendant Duncan Wierman. It is well known that TikTok® handle @classactionlawyer has a

mutual interest in fighting against robocalls and in spreading that message. @classactionlawyer often works alongside Plaintiffs.

29. On or about July 29, 2021, three days after Plaintiffs' filed their Complaint with this Court, Defendants left no less than 7 comments on @classactionlawyer's video posted July 29, 2021, advertising its course available at WWW.SPAMCALLPROFITSYSTEM.COM and listing the price of its course. A screenshot of Defendants' at least 7 comments on @classactionlawyer's July 29, 2021, video is attached hereto as Exhibit F.

30. Upon information and belief, on or about August 11, 2021, Defendants changed the introduction video on its website and removed the Feature Video on its website and replaced it with a video of Defendant Wierman discussing the benefits of Defendants infringing course.

## COUNT II

## COPYRIGHT INFRINGEMENT

31. Plaintiffs reallege each allegation set forth in paragraphs 1-28 above.

32. Compton applied for and received copyright registration for the "Turning Robocalls Into Cash" Course. The registration was given an effective date of June 11, 2021 and accompanying Registration Number TX 8-979-301 (see Exhibit G).

33. Defendants used, and continue to use, Plaintiffs' copyrighted materials without authorization.

34. By reason and foregoing, Plaintiffs hereby assert a claim against the Defendants for injunctive and monetary relief pursuant to 17 U.S.C. § 501(a), with regards to copyright infringement of Plaintiffs' original work created in the Course, which was subsequently copied by Defendants in the Unauthorized Merchandise. Defendants' infringement of Plaintiffs' copyrighted materials was and is willful.

35. Defendants promoted its course on or about July 4, 2021, and July 29, 2021, on TikTok® videos posted by @classactionlawyer. The handle of the commenter, @wittyalpaca, is Defendant Duncan Wierman.

## JURY DEMAND

36. Although the Plaintiffs seek an equitable injunction, even cases predominantly sounding in equity can sometimes have one or more issues of fact or law suitable for a jury. Accordingly, should the Court find that there are any issues of fact or law suitable for a determination by a jury, the Plaintiffs respectfully request a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Lee "Doc" Compton and BRAINSTORM XX, LLC, d/b/a www.robocalls.cash, seek relief against Defendants, and all others acting in concert with or on behalf of the Defendants, and request that judgment be entered as follows:

A. That this Court immediately issue a Preliminary Injunction to restrain Defendants, their officers, agents, employees, and all other persons acting in active concert or participating with them from:

1. continuing to publish and operate the website www.spamcallprofitsystem.com;
2. posting on any website or social media platform, including but not limited to the social media platforms Facebook®, Instagram®, TikTok®, or YouTube® any information about fighting against robocalls, spam calls, robotexts, spam texts, or about the Telephone Consumer Protection Act 47 U.S.C. § 227;
3. commenting on any social media post made by Lee "Doc" Compton, or any social media post made by a follower of Lee "Doc" Compton, including but

not limited to the social media platforms Facebook®, Instagram®, TikTok®, or YouTube®. The list of the followers of Lee "Doc" Compton is publicly available on at least the TikTok® platform, and may be available on other platforms; and

4. making any public statements about Plaintiffs.

B. That Defendant, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

1. Using Plaintiffs' copyrighted materials or any materials similar to Plaintiffs' copyrighted materials and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in connection with the advertisement, promotion, distribution, offering for sale or selling of any goods or services, including without limitation the advertisement, promotion, distribution, offering for sale or sale of the Infringing Products;

2. Performing any acts or using any trademarks, names, words, images, news articles, news stories, or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiffs and Defendants are one and the same or are in some way connected or that Plaintiffs have endorsed, licensed, or are a sponsor of Defendants (or that Defendants have endorsed, licensed, or are a sponsor of Plaintiffs) or that the goods or services of Defendants originate with Plaintiffs or any authorized user of the Plaintiffs' copyrighted materials or are likely to lead the trade or public to associate Defendants with Plaintiffs; and

3. Engaging in acts of unfair competition, as defined by to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

C. That Defendants be required to file with the Court and serve on Plaintiffs a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) calendar days after the entry of such order of injunctive relief;

D. That Defendants, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

E. That Defendants be ordered to disgorge all profits attributable to its infringement of the Plaintiffs' copyrighted materials and unlawful conduct under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in an amount to be determined at trial, and that such amount be trebled;

F. That Plaintiffs be awarded statutory damages under 17 U.S.C. § 412 or all actual damages caused by Defendants' infringement of the Plaintiffs' copyrighted materials and unlawful conduct under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the type of damages and amount of damages to be determined at trial, and that such amount be trebled;

G. That Plaintiffs be awarded full restitution for all damage caused by Defendants' infringement of the Plaintiffs' copyrighted materials and unlawful conduct under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in an amount to be determined at trial;

H. That Plaintiffs be awarded damages in the form of corrective advertising required to remedy Defendants' infringement of the Plaintiffs' copyrighted materials and unlawful conduct under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in an amount to be determined at trial;

I. That Plaintiffs be awarded damages in the form of a reasonable royalty to compensate it for Defendants' infringement of Plaintiffs' copyrighted materials, in an amount to be determined at trial;

I. That Plaintiffs recover their reasonable attorneys' fees and costs of suit under 15 U.S.C. § 1117, as this case is exceptional; and

J. That Plaintiffs be granted such other and further relief as this Court shall deem just, lawful or equitable.

RESPECTFULLY SUBMITTED,

_/s/JeanetteMBraun________________

Jeanette M. Braun, Esq.
Illinois State Bar No. 6332483
(Application for Admittance to Texas
Eastern District Will Be Submitted)
Braun IP Law, LLC
1600 W. Lake Ave, Suite 103B
Addison, IL 60101
Ph: (773) 504-4036
Fax: (312) 240-0825
jmbraun@brauniplaw.com

## VERIFICATION

I, Plaintiff LEE "DOC" COMPTON, upon information and belief declare:

1. I am a Plaintiff in this action and I am above the age of eighteen (18) years, and I am fully competent to make this declaration.
2. I am a citizen of the United States and a resident of Texas.
3. My legal first name is LEE and "DOC" is my nickname
4. I am the author of the TURNING ROBOCALLS INTO CASH course ("Course"), which is the subject of this action.
5. I am a Member of BRAINSTORM XX, LLC, a Plaintiff named in this action.
6. BRAINSTORM XX, LLC is the owner of Copyright Registration No. TX 8-979-301 (see First Amended and Verified Complaint Exhibit G), which is the copyright registration for my course TURNING ROBOCALLS INTO CASH course.
7. I have personal knowledge of myself, my activities, and my company's activities, and my intentions, including those set out in the foregoing Verified Complaint for Declaratory and Injunctive Relief; and if called on to testify I would competently testify as to the matters stated herein.
8. I have personal knowledge of Duncan Wierman, individually, and/or d/b/a SPAMCALLPROFITSYSTEM.COM; and/or SPAMCALLPROFITSYSTEM.COM an entity using an assumed name, activities, and their intentions, including those set out in the foregoing Verified Complaint for Declaratory and Injunctive Relief, and if called on to testify I would competently testify as to the matters stated herein.
9. I verify under penalty of perjury under the laws of the United States of America that the factual statements in said Amended Complaint concerning myself, my activities, and my

intentions are true and correct, and the factual statements concerning Defendants, their activities, and their intentions are based, at least, upon my information and belief, are true and correct. 28 U.S.C. § 1746.

I declare under penalty of perjury under the laws of the United States of America every statement in the foregoing is within my personal knowledge and is true and correct.

Executed in Collin County, State of TX, on the 16 th day of August, 2021.

______________________(signature)

Lee "Doc" Compton

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document along with its Exhibits will be served via personal service to the Defendants Duncan Craig Wierman individually or d/b/a www.spamcallprofitsystem.com, or spamcallprofitsystem.com, an entity engaging in business, 306 Oak Brook Way, Taylors, SC 29687, and the Defendant is not found at that address, to Defendant at a location that the process server can find the Defendant, on the _25th day of August, 2021.

_/s/JeanetteMBraun_______

Jeanette M. Braun, Esq.

## ATTORNEY CERTIFICATION

I, Jeanette M. Braun, attorney for Plaintiffs, hereby certify that the foregoing document is being filed simultaneously with a Motion for Preliminary Injunction and Temporary Restraining Order, and Motion to Seal Exhibits A and D to the Amended and Verified Complaint.

_/s/JeanetteMBraun_______

Jeanette M. Braun, Esq.